FILED
United States Court of Appeals
Tenth Circuit

August 19, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSEPH A. FERONA, JR.,

Defendant-Appellant.

No. 07-1458

(D. Colorado)

(D.C. No. 06-CR-00455-EWN)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Joseph A. Ferona, Jr., pleaded guilty to one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 1342 after a grand jury issued an indictment charging him with thirty-seven counts of wire fraud, money laundering, and other offenses. Pursuant to the terms of Mr. Ferona's plea agreement, the district court calculated his advisory United States Sentencing Guidelines range and amount of mandatory

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

restitution by considering the relevant offense conduct for all thirty-seven counts and each victim's loss. The court sentenced Mr. Ferona to 70 months' imprisonment, based on an advisory Guidelines range of 63 to 78 months, and ordered mandatory restitution in the amount of $2,172,783.13.

Mr. Ferona filed a timely notice of appeal. On appeal, his counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel asks permission to withdraw from his representation of Mr. Ferona, contending that "Mr. Ferona's sentence is procedurally and substantively reasonable," Aplt's Br. at 13, and that she "can find no legally viable, non-frivolous challenge" to his guilty plea, *id.* at 11, or the court's restitution order. *Id.* at 14.

Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* The client is then permitted to submit arguments to the court in response. The court must then fully examine the record "to determine whether defendant's claims are wholly frivolous." *Id.* If so, the court may dismiss the appeal. *Id.*

In this case, Mr. Ferona was served with his counsel's brief. However, he has not informed this court of any issue that he wishes to pursue on appeal. In accordance with the Supreme Court's holding in *Anders*, we have conducted a

thorough, "full examination" of the record, *Anders*, 386 U.S. at 744, and we agree with counsel that there are no non-frivolous grounds upon which Mr. Ferona could appeal his conviction or his sentence.  The record indicates that his plea was knowing and voluntary, and his sentence is supported by the applicable law and the facts of this case.

Accordingly, we GRANT counsel permission to withdraw in this matter and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
United States Circuit Judge